UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSHDY ATTIA, | ) | 1:06-cv-00778-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING THE FILING OF |
| v. | ) | SUPPLEMENTAL BRIEFS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act, filed on November 5, 2007. The Court has reviewed the motion and the opposition filed by the parties as well as the supplemental briefs.

In the application for EAJA fees filed on November 5, 2007, Plaintiff requests that Defendant be ordered to pay any fees directly to counsel. Plaintiff attaches a document entitled "ASSIGNMENT OF FEES DUE UNDER THE EQUAL ACCESS TO JUSTICE ACT," in which on September 9, 2007, Plaintiff purported to assign to attorney Henry Reynolds all rights and claims to any award of fees and costs under the Equal Access to Justice Act in his

1

federal disability case, and promised to remit to Mr. Reynolds any fees and costs received under the EAJA in such case. No declaration under penalty of perjury has been submitted by Plaintiff.

The parties have not briefed the issues of whether or not fees appropriately may be, and should be, paid directly to counsel under the EAJA; further, the Defendant has not set forth its position regarding this issue in this particular case. Because Defendant has not raised this issue, it may be that Defendant seeks to waive this issue. However, the Court does not presently know the position of the Defendant.

If Defendant seeks to waive this issue and/or to forego strict compliance with the Anti-Assignment Act, 31 U.S.C. § 3727, Defendant IS DIRECTED to file a supplemental brief stating that position within fifteen days of the date of service of this order, and clearly indicating that Defendant does not desire the Court to reach this issue in this case.

If Defendant does not seek to waive this issue and/or seeks strict compliance with the Anti-Assignment Act, then Defendant IS DIRECTED TO FILE no later than twenty days after the date of service of this order a supplemental brief addressing all pertinent statutory and regulatory authority as well as case law regarding whether or not fees should be paid directly to Plaintiff's counsel in this case, including authority of the Court to order EAJA fees paid directly to counsel, and the propriety of doing so in this case.

If Defendant does not waive the issue and therefore files a supplemental brief addressing the issue of payment of EAJA fees

directly to counsel, Plaintiff SHALL FILE a responsive supplemental brief no later than twenty days after the date of service of Defendant's supplemental brief.

IT IS SO ORDERED.

**Dated:     June 13, 2008**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE