1
2
3
4
5
6

# UNITED  STATES  DISTRICT  COURT

## EASTERN  DISTRICT  OF  CALIFORNIA

7
8
9

| | |
|---|---|
| ROSHDY ATTIA, | ) 1:06-cv-00778-SMS |
| | ) |
|        Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
|   v. | ) APPLICATION FOR ATTORNEY'S FEES |
| | ) PURSUANT TO THE EQUAL ACCESS TO |
| MICHAEL J. ASTRUE, | ) JUSTICE ACT AND PLAINTIFF'S |
| Commissioner of Social | ) SUPPLEMENTAL APPLICATION (DOCS. |
| Security, | ) 21, 28) |
| | ) |
|       Defendant. | ) |
| | ) |
| _____ | ) |

10
11
12
13
14
15
16

    Plaintiff is represented by counsel and proceeded with an action in which the Court reviewed a final decision of the Commissioner of Social Security (Commissioner) and, by judgment entered on September 24, 2007, ordered the matter remanded pursuant to sentence four of 42 U.S.C. §405(g) for the Commissioner to award forthwith benefits to Plaintiff from May 20, 2002, onward. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.

    The matter is currently before the Court on Plaintiff's motion for attorney's fees and costs under the Equal Access to

17
18
19
20
21
22
23
24
25
26
27
28

Justice Act, filed on November 5, 2007, along with declarations of Henry Reynolds and Brian Zeiden, Plaintiff's counsel. Defendant filed a memorandum in response to the motion on December 5, 2007. The Court raised the issue of the timeliness of the motion and directed the parties to brief the issue; an additional briefing order was also directed to Defendant after the filing of Defendant's first supplemental brief on March 10, 2008. Defendant filed a second supplemental brief on March 20, 2008, and Plaintiff filed a supplemental brief on March 26, 2008. On June 26, 2008, the Commissioner filed a supplemental brief addressing the necessity of reaching an issue; because the Commissioner waived the issue, it was not necessary for a responsive brief to be filed by Plaintiff, who filed no responsive brief.

## I. Background

The Court's decision and order granting Plaintiff the full relief requested was sixty-eight pages long. Plaintiff mounted successful challenges to the ALJ's numerous reasons for his credibility findings, the ALJ's rejection of numerous opinions of Plaintiff's treating and examining physicians, and the evidence provided by the testimony of a vocational expert. The Court took the relatively rare step of ordering an award of benefits outright.

## II. Timeliness of Application for Fees

Judgment was entered on September 24, 2007, and the instant motion for attorney's fees was filed on November 5, 2007.

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

With respect to the time for filing, § 2412(d)(1)(B) states in pertinent part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

An application is to be submitted within thirty days of final judgment in the action. "Final judgment" within the meaning of § 2412(d) refers to a judgment that is final and no longer appealable. 28 U.S.C. § 2412(d)(2)(G). The time for submitting the application begins to run after the district court enters judgment and the appeal period has run. Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). In a civil case to which a federal officer is a party, the time for appeal does not end until sixty days after entry of judgment, which in turn requires entry of a separate document. Fed. R. App. P. 4(a)(1),(7); Fed. R. Civ. P. 58; Shalala v. Schaefer, 509 U.S. 302-03.

Here, sixty days had not passed after the entry of judgment on September 24, 2007, when Plaintiff filed the motion for fees

3

1 on November 5, 2007.

2    However, as Plaintiff notes, the filing of a motion for fees
3 before the finality of judgment is not excluded by the express
4 words of the statute, which require its submission "within thirty
5 days of final judgment." Filing the motion on November 5, 2007,
6 was within thirty days of the finality of the judgment, which was
7 achieved by the passage of time on or about November 23, 2007.

8    Further, although no definitive and binding authority from
9 this circuit has been cited to the Court, courts have found
10 timely an application for fees that was filed even before a
11 judgment in the form of the necessary separate document had been
12 entered. Shalala v. Schaefer, 509 U.S. 302, 302-03 (noting that
13 an EAJA application may be filed "until 30 days after a judgment
14 becomes "not appealable"--i.e., 30 days after the time for appeal
15 has ended" (emphasis added)); Koch v. United States Department of
16 Interior, 47 F.3d 1015, 1021 (10th Cir. 1995) (interpreting
17 Shalala v. Schaefer as resolving the question of whether or not a
18 party may ask for fees before thirty days after entry of judgment
19 have passed if the party has achieved prevailing party status).

20    Defendant did not raise the prematurity of the motion in its
21 opposition filed a month after the motion was filed. In its first
22 supplemental brief, Defendant stated that Plaintiff's application
23 was prematurely filed but stated that the Court's consideration
24 thereof would be appropriate under the EAJA. (Supp. Brief filed
25 March 10, 2008, pp. 1-2.)

26    The Court concludes that the motion for fees was timely
27 filed.
28 /////

4

1    III. <u>EAJA Fees</u>

2    The Court concludes that Defendant's position in the
3 underlying case, which was set forth in full briefing on the
4 merits, was not substantially justified, and Defendant does not
5 contend otherwise.

6    Further, Plaintiff was a prevailing party within the meaning
7 of the statute because Plaintiff obtained a judgment in
8 Plaintiff's favor pursuant to sentence four of 42 U.S.C. §
9 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 298-99.

10    Finally, the parties have not suggested that there are any
11 circumstances making an award unjust, and the Court finds that
12 there are no such circumstances.

13    Defendant opposes the application for fees on the ground
14 that the amount of fees requested is unreasonable.

15    Fees awarded under the EAJA must be reasonable. <u>Perez-</u>
16 <u>Arellano v. Smith</u>, 279 F.3d 791, 793 (9th Cir. 2002). A district
17 court's task of determining what fee is reasonable is essentially
18 the same as that described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424,
19 433-437 (1983). <u>Commissioner, I.N.S. v. Jean</u>, 496 U.S. 154, 160-
20 161 (1990). The district court has discretion to determine the
21 amount of the fee and to reduce the amount to be awarded or deny
22 an award to the extent that the prevailing party has unduly and
23 unreasonably protracted the final resolution of the matter in
24 controversy. <u>Id.</u> at 161. Absent unreasonably dilatory conduct by
25 the prevailing party in any portion of the litigation which would
26 justify denying fees for that portion, a fee award presumptively
27 encompasses all aspect of the civil litigation. <u>Id.</u> This includes
28 fees for preparation of a fee application and its ensuing efforts

1  to support that same application. Id.

2      "The most useful starting point for determining the amount
3  of a reasonable fee is the number of hours reasonably expended on
4  the litigation multiplied by a reasonable hourly rate." Hensley
5  v. Eckerhart, 461 U.S. 424, 433 (1983). Hours that are excessive,
6  redundant, or otherwise unnecessary should be excluded. Id. at
7  434. The Court must consider the results obtained, and, as
8  appropriate, a court may also consider the time and labor
9  required, the novelty and difficulty of the questions, the skill
10 requisite to perform the legal service properly, the preclusion
11 of other employment due to acceptance of the case, the customary
12 fee, whether the fee is fixed or contingent, time limitations
13 imposed by the client or circumstances, the amount involved and
14 the results obtained, experience and ability of the attorneys,
15 the undesirability of the case, awards in similar cases. Id. at
16 p. 434 n. 9.

17     Plaintiff seeks $8,383.42 for 51.45 hours, consisting of
18 39.4 hours in 2006 at a rate of $161.88 per hour, and 12.05 hours
19 in 2007 at $166.43 per hour.[1] Plaintiff also seeks by way of
20 supplemental application an additional $1,080.00, consisting of
21 0.6 hours at $167.62 per hour in 2007, and 5.8 hours at $168.98
22 per hour in 2008, for a total of 6.4 additional hours.

23     With respect to the initial application, the Court finds
24 that the brief was lengthy, the issues were numerous and
25 factually complex, and the administrative record was also lengthy
26 (550 pages). The briefing of Plaintiff's attorney was of high

27

28

---

[1] Defendant does not object to the hourly rates or increase factors as calculated by Plaintiff.

quality; Plaintiff's counsel was experienced and able. The
expenditure of approximately fifty-one hours was generally
reasonable under the circumstances.

Defendant argues that counsel should not be compensated for
pre-retainer time, and Defendant objects to an award of 4.4 hours
consisting of three hours for reviewing the case and deciding to
take the case on June 6, 2006; and one hour for compiling a sign-
up letter, in forma pauperis, fee agreement, and mailing to the
client on June 8, 2006.

It is reasonably inferred that review of the "case" involved
review of documents pertaining to the case. Counsel was not
Plaintiff's representative at the administrative level;
Plaintiff's case had been remanded once by the Appeals Council
before the decision reviewed by this Court was rendered. Only
thirty-two and one-half hours were claimed by counsel for
preparation of the opening brief; thus, review of the "case" for
several hours more, in light of the extensive record, procedural
posture of the case, and nature of the issues, was reasonable. It
is recognized that an attorney's pre-complaint efforts to
investigate, undertake legal research, and conduct informal
discovery relevant to developing a case are properly recoverable;
an attorney has an obligation pursuant to Fed. R. Civ. P. 11 to
ascertain that claims to be asserted are warranted under the law
and the facts. Lucas v. White, 63 F.Supp.2d 1046, 1058-59
(N.D.Cal. 1999). Counsel's review of the case was sufficiently
analogous pre-complaint effort.

The Court agrees that one hour to "compile" a sign-up
letter, ifp, fee agreement, and to mail them to the client is

1  excessive; compilation (as distinct from drafting) and mailing
2  three short documents would reasonably take a quarter of an hour.
3  Thus, three-quarters of an hour will be deducted from the total
4  hours allowed.

5      Defendant argues that a third of an hour spent calling the
6  client, getting a "busy" signal, and calling the client to give
7  counsel's e-mail address on June 14 and 15, 2006, should not be
8  compensated because it is unlikely that a private attorney would
9  charge his clients for this. This Court agrees with Defendant's
10 statement that billing judgment is an important component in fee-
11 setting, and hours that are not properly billed to one's client
12 are not properly compensated under the EAJA. Hensley v.
13 Eckerhart, 461 U.S. 424, 434 (1983). However, attorneys routinely
14 bill for communications with clients. The Court concludes that
15 billing for a total of twelve minutes for a telephone call from a
16 client, and for a telephone call to a client to transmit an e-
17 mail address, is not unreasonable. Billing for six minutes for a
18 single call to the client and receiving a "busy" signal appears
19 to be excessive and not normally subject to being billed, and
20 thus one-tenth of an hour will be deducted.

21     Defendant argues that counsel should not be compensated for
22 0.8 hours spent sending and receiving e-mails with the client
23 between July and November 2006, "prior to briefing and when the
24 case was not active." (Opp. p. 5.) E-mails to and from the client
25 on July 22 were itemized as e-mails to and from the clients
26 regarding status; they occurred a couple of days after proof of
27 service and consent to Magistrate jurisdiction was filed. It is
28 natural for a client to have questions about the status of a case

early in the proceedings, and it appears that Plaintiff and his
attorney communicated efficiently because only twelve minutes
were claimed for the entire exchange by counsel. E-mails to and
from the client were also exchanged on August 28, 2006; again, it
is not unreasonable for an attorney to bill a client for twelve
minutes of communication. The Court does not find this excessive
at this stage in the case. The two later e-mail exchanges on
October 6 and November 15 occurred before the brief was filed on
November 30. However, Defendant mistakenly describes the case as
inactive or infers that the exchange could not have been
substantive at this point. Indeed, pursuant to the Court's
scheduling order, at this stage of the proceedings, the parties
were engaged in confidential settlement processes that reasonably
could be expected to have entailed communication on substantive
matters. The Court concludes that Plaintiff has sufficiently
demonstrated that this time was reasonably expended.

Defendant argues that counsel should not be compensated for
0.5 hours, consisting of 0.1 hour each for viewing documents that
counsel did not prepare and which are standard to litigation
practice before this Court: a notice of appearance filed by
Defendant's counsel, a notice of lodging the administrative
record, a text message concerning that filing, Defendant's
consent to Magistrate Judge jurisdiction, and an order
reassigning the case to the Magistrate Judge. The Court agrees
that a private attorney exercising reasonable billing judgment
would not bill half of an hour for viewing such routine
documents. The Court finds that 0.1 hour is a reasonable amount
of time to be expended on such tasks. Thus, the Court will reduce

1  the requested hours by 0.4 hour.

2       With respect to billing for briefing, attorney Zeiden worked

3  for 24.5 hours on drafting the opening brief, and attorney

4  Reynolds edited the opening brief for eight hours; attorney

5  Zeiden drafted the reply brief for 2.75 hours, and attorney

6  Reynolds edited it for two hours; and both attorneys billed at

7  the same rate. Defendant argues that the hours were duplicative

8  and thus ten hours (representing attorney Reynolds' time) should

9  not be the basis for an award of fees.

10      Mr. Reynolds signed the briefs, and thus his participation

11 was required. More fundamentally, in light of the entire file in

12 this case, the total number of hours spent on the briefing was

13 reasonable. Defendant's contention is without merit.

14      The Court notes that the reduction of 1.25 hours for

15 activity in 2006 will be at the 2006 rate of $161.88. The Court

16 will subtract $202.35 from the amount requested in the initial

17 application, leaving $8,181.07 as a total amount approved in the

18 initial application.

19      IV. Supplemental Application

20      Plaintiff moved for additional fees of $1,080.00 for 6.4

21 hours of work performed after the initial application, including

22 conferring with Plaintiff, reviewing Defendant's pleadings

23 regarding fees, responding to the Court's orders regarding

24 supplemental briefing concerning prematurity of the application,

25 and preparing the supplemental application. Defendant has not

26 objected to this supplemental application. It is established that

27 attorneys' fees may be awarded for counsel's time spent in

28 applying for the EAJA award. Commissioner, I.N.S. v. Jean, 496

1  U.S. 154, 157 (1990) (concession that services to obtain fees

2  were covered in EAJA cases, but the Court determined that this

3  was the case regardless of substantial justification as to the

4  government's resistance to the fee award); <u>Ramirez v. Secretary</u>

5  <u>of Health and Human Services</u>, 1988 WL 95926, *2 (C.D.Cal. 1988)

6  (citing <u>Jensen v. Stangel</u>, 790 F.2d 721 (9th Cir. 1986) for the

7  proposition that fee petition preparation fees are authorized in

8  civil rights cases under 42 U.S.C. § 1983, and <u>Prandini v.</u>

9  <u>National Tea Company</u>, 585 F.2d 47 (3d Cir. 1978), for the

10 principle that hours spent on fee applications are generally

11 compensable in statutory fee award cases).

12      Here, the timing of the petition for fees was within

13 Plaintiff's control, and the question of the timeliness of the

14 petition should have been briefed initially. The time expended in

15 preparing the supplemental brief was excessive. The Court

16 concludes that three hours were reasonably spent in preparing the

17 brief, and thus will reduce the number of hours requested in the

18 supplemental application by 3.4 hours expended in 2008.

19      The reduction of 3.40 hours for activity in 2008 will be at

20 the 2008 rate of $168.98.

21      Thus, the total amount of fees to be awarded pursuant to the

22 supplemental application will be $505.00.

23      V. <u>Payment of Fees to Counsel</u>

24      Plaintiff has assigned to counsel fees paid under the EAJA

25 and thus requests that Defendant be ordered to make any such

26 payment directly to counsel. The parties had not briefed the

27 issue of the propriety of such payment, and in response to the

28 Court's request, Defendant stated in a supplemental brief filed

11

1  on June 26, 2008, that for this case only, the Commissioner
2  waives the issue regarding assignment of attorney's fees under
3  the EAJA, 28 U.S.C. § 2412(d)(2)(B), foregoes strict compliance
4  with the Anti-Assignment Act, 31 U.S.C. § 3727, and does not
5  desire that the Court reach this issue in this case.

6      In light of the assignment and Defendant's waiver of the
7  issue, it will be ordered that the fees be paid directly to
8  counsel.

9      VI. <u>Disposition</u>

10     Accordingly, it IS ORDERED that Plaintiff's application for
11 attorney's fees under the EAJA IS GRANTED in part, and the Court
12 APPROVES an award of $8,181.07 for Plaintiff's initial
13 application, and an award of $505.00 for Plaintiff's supplemental
14 application, for a total award of $8,686.07, to be paid to
15 counsel for Plaintiff, Henry Favill Reynolds, of the Law office
16 of Henry Reynolds.

17 IT IS SO ORDERED.

18 **Dated:    July 3, 2008**                    **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE